IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**RUFUS D. MCFADDEN, II, # 104303**                                **PETITIONER**

**v.**                              **CIVIL ACTION NO. 3:11-cv-85-TSL-MTP**

**WARDEN HUBERT DAVIS**                                      **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on the petition of Rufus D. McFadden, II for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254 and Respondent's Motion to Dismiss [8] pursuant to Section 2244(d). Having considered the submissions of the parties and the applicable law, the undersigned recommends that Respondent's Motion to Dismiss [8] be granted and that the petition be dismissed with prejudice.

PROCEDURAL HISTORY

On May 11, 2004, Petitioner Rufus McFadden, II was convicted of murder in the Circuit Court of Leake County, Mississippi, and was sentenced to life imprisonment.[1] Petitioner appealed his conviction and sentence to the Mississippi Supreme Court, and the Mississippi Court of Appeals affirmed the trial court's judgment on February 7, 2006. *See McFadden v. State,* 929 So. 2d 365 (Miss. Ct. App. 2006); Ex. B to Motion [8-2]. Petitioner's motion for rehearing was denied on May 23, 2006. *Id.* Petitioner did not file a petition for writ of certiorari with the Mississippi Supreme Court.

On or about October 14, 2009, Petitioner filed an application for leave to proceed in the

---

[1] *See* Ex. A to Motion [8-1].

trial court with the Mississippi Supreme Court based on "newly discovered evidence."[2] The court denied the motion on November 23, 2009.[3] Petitioner subsequently sought an extension of time to file a motion for rehearing, which the court denied pursuant to Miss. R. App. P. 27(h).[4]

On or about November 2, 2010, Petitioner filed a second motion for post-conviction collateral relief based on "newly discovered evidence."[5] By order dated December 1, 2010, the Mississippi Supreme Court denied Petitioner's motion.[6]

Petitioner submitted his federal Petition for Writ of Habeas Corpus [1] on or about February 14, 2011.[7] The Respondent contends that the petition was not timely filed and that it should be dismissed.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA), to which this case is subject, specifies that a petitioner seeking federal habeas relief must file his federal petition within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2]*See* Ex. C to Motion [8-3].

[3]*See* Ex. D to Motion [8-4].

[4]*See* Ex. E [8-5].

[5]*See* Ex. F to Motion [8-6].

[6]*See* Ex. G to Motion [8-7].

[7]Petitioner failed to sign and date his petition; it is stamped "filed" February 14, 2011.

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D); *Egerton v. Cockrell,* 334 F.3d 433, 435 (5th Cir. 2003).

As stated above, Petitioner's motion for rehearing was denied on May 23, 2006, and he did not file a petition for writ of certiorari with the Mississippi Supreme Court. Accordingly, Petitioner's judgment became final-- and the statute of limitations for federal habeas relief began to run-- on June 6, 2006 (May 23, 2006 plus fourteen days allowed for filing a writ of certiorari with the Mississippi Supreme Court),[8] giving him until June 6, 2007, to file his petition. Petitioner did not file his federal petition until February 14, 2011,[9] over three and a half years after the federal statute of limitations had expired. Based on the foregoing, Petitioner's federal petition for habeas corpus is barred by the one-year statute of limitations under Section 2244(d)(1)(A) unless he is entitled to either statutory or equitable tolling.

Whether statutory tolling occurred during the period between the judgment becoming final on June 6, 2006, and Petitioner's filing of the federal petition for habeas corpus on or about

---

[8] *See* Miss. R. App. P. 17(b) (allowing fourteen (14) days to file a petition for writ of certiorari in state court after rehearing is denied); *see also Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) ("If the defendant stops the appeal process before [appealing to the U.S. Supreme Court], the conviction becomes final when the time for seeking further direct review in the state court expires.").

[9] "Under the 'mailbox rule,' a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court." *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). However, Petitioner's petition is not signed or dated; thus, the court must go by the stamp "filed" date.

February 14, 2011, is determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction or other collateral review" remains pending.

As mentioned previously, Petitioner has filed two motions for post-conviction relief in state court. The first petition was filed on October 14, 2009, over two years *after* the expiration of the deadline to file his federal habeas petition. The second was filed on or about November 2, 2010, over three years past the expiration of the federal habeas deadline. Accordingly, Petitioner is not entitled to statutory tolling pursuant to Section 2244(d)(2), as he failed to file either state motion for post-conviction relief prior to the expiration of the deadline to file his federal petition.

In paragraph 18 of his Petition [1], Petitioner claims his petition is not time-barred due to "newly discovered evidence ... not discovered until 2009." Thus, Petitioner is attempting to invoke the "factual predicate" exception of 28 U.S.C. § 2244(d)(1)(D). Section 2244(d)(1)(D) provides that the limitations period begins to run "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Petitioner's "newly discovered evidence" which he claims forms the factual predicate of his claims relates to the State's expert witness, Dr. Stephen Hayne.[10]

---

[10]Petitioner was charged with the murder of his girl-friend's two-year old daughter, Ariana. The Mississippi Court of Appeals summarized Dr. Hayne's testimony as follows:

> Dr. Hayne, the forensic pathologist who testified for the State, testified that Ariana died of cerebral trauma, fractures to the skull, severe swelling, and brain stem herniation. He concluded that these injuries were caused by blunt force trauma. Dr. Hayne opined that the two fractures to the skull Ariana sustained would have required Ariana to have fallen at least fifteen feet.

*McFadden v. State*, 929 So. 2d 365, 368 (Miss. Ct. App. 2006).

4

Petitioner claims he learned that Dr. Hayne "was not a board-certified forensic pathologist giving him no right to testify."[11]  Petitioner further points out that Dr. Hayne testified during his trial that he works as the state pathologist with the Department of Public Safety Medical Examiner's Office, and that by state law the state medical examiner must be a board-certified forensic pathologist.[12]

Petitioner also claims that Dr. Hayne's prior testimony in other cases has been "repudiated," citing to the Mississippi Supreme Court's decision in *Edmonds v. State,* 955 So. 2d 787 (Miss. May 7, 2007).[13]  Accordingly, Petitioner claims Dr. Hayne's testimony in his case is without merit and resulted in an unfair trial.

Although Petitioner initially claims he did not learn of this "newly discovered evidence" until 2009, he later admits that he learned of the "new evidence" in May 2008.[14]  Even assuming

---

[11]Memo. [2] at 2.

[12]*Id.* at 3.

[13]*Id.* 2-3.  In *Edmonds v. State*, 955 So. 2d 787, 792 (Miss. 2007) (en banc), the court reversed and remanded defendant's murder conviction, holding in part that Dr. Hayne's testimony pertaining to the two-shooter theory was improperly admitted, as the State made no proffer of any scientific testing performed to support the theory.  However, as Respondent points out, the court did not find that Dr. Hayne was not qualified to proffer expert opinions in forensic pathology.  *Id.*  Respondent further notes that since the *Edmonds* decision, Mississippi appellate courts have consistently found Dr. Hayne qualified to testify as an expert.  *See Lima v. State*, 7 So. 3d 903, 907 (Miss. 2009) (holding that the trial court did not abuse its discretion when it accepted Dr. Hayne as an expert, despite defendant's claim that Dr. Hayne was not qualified as an expert "because his work load was too heavy, he lacked reliability, his work lacked peer review, and he was not board-certified by the American Board of Pathology in forensic pathology"); *Keys v. State*, 33 So. 3d 1143, 1150 (Miss. Ct. App. 2009) (finding that Dr. Hayne's testimony as to the cause and manner of death of victim was permissible where the trial court accepted that Dr. Hayne was qualified as an expert in the area of forensic pathology without any objection or voir dire from defense counsel).

[14]*See* Response [9] at 6.

5

the information regarding Dr. Hayne constitutes "new evidence" within the meaning of Section 2244(d)(1)(D), and that May 2008 is the earliest Petitioner could have discovered the alleged "new evidence" through the exercise of due diligence, his petition would still be untimely. Assuming the one-year limitation period began to run in May 2008, making May 2009 the federal deadline, Plaintiff did not file his federal petition until February 14, 2011, over a year and a half after the federal deadline under this scenario. Moreover, Petitioner would not be entitled to statutory tolling because his first state motion for post-conviction relief was not filed until October 14, 2009, approximately four months after the expiration of the federal deadline of May 2009.[15]

---

[15] In *Wilson v. Epps*, No. 2:10CV196–P–S, the district court in the Northern District of Mississippi recently rejected a similar argument. In rejecting petitioner's claim that his petition was timely based on newly discovered evidence concerning Dr. Hayne's credibility, the court reasoned:

> First, the documents upon which Wilson relied to support the newly discovered evidence claim were available to him prior to the expiration of the running of the statute of limitations. Wilson cites to *Edmonds v. State*, 955 So.2d 787 (Miss. 2007) which was issued on May 10, 2007. He next refers to an article dated February 14, 2008, and a press release dated April 8, 2008. In order to take advantage of the new discovered evidence a petitioner must show that he has acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). Each document referred to by Wilson was readily available to him prior to May 29, 2008, when the statute of limitations expired. As a result, he cannot show that he acted diligently in discovering this "evidence."
>
> Secondly, the substantive argument has been expressly rejected by the Mississippi State Supreme Court. *See Lima v. State*, 7 So. 3d 903 (Miss.2009). Wilson attempted to impinge Dr. Hayne's expert designation with his claim. Since the *Edmonds* holding, Dr. Hayne's qualifications as an expert witness as a pathologist have been consistently upheld. *See Moffett v. State*, 49 So. 3d 1073, 1111 (Miss. 2010). Not only has the petitioner failed to act diligently, his claim also has no merit. He, therefore, may not take advantage of the factual predicate exception in § 2244(d)(1)(D).

Petitioner also argues that he is entitled to equitable tolling because 1) he paid an attorney to "handle the situation"; and 2) he was housed in isolation from September 2008 - May 2009, and could not gather information pertaining to the "newly discovered evidence." *See* Response [9].

The decision to apply the equitable tolling doctrine to the one-year limitation period set forth in Section 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Supreme Court has stated that in order to be entitled to equitable tolling, a petitioner must demonstrate "'(1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Thus, generally, equitable tolling is appropriate only in "rare and exceptional circumstances." *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998). Petitioner bears the burden of proving the existence of rare and exceptional circumstances. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). The court should "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to

---

*Wilson v. Epps*, No. 2:10CV196–P–S, 2011 WL 1438545, at *2 (N.D. Miss. Apr. 14, 2011) (footnote omitted). *See also Austin v. Caskey*, No. 2:07CV84-M-A, 2007 WL 2783332, at *3 (N.D. Miss. Sept. 21, 2007) (holding that "Justice Diaz's concurring opinion in *Edmonds*-in which Justice Diaz stated his belief that Dr. Hayne should not have been qualified as an expert ... was not the finding of the majority-and does not constitute 'new evidence' for purposes of § 2244(d)(1)(D)").

justify equitable tolling." *Fisher*, 174 F.3d at 713 (quoting *Davis*, 158 F.3d at 811).

As stated above, Petitioner claims he is entitled to equitable tolling because he paid an attorney to "handle the situation." Specifically, Petitioner claims that after his direct appeal was denied (May 23, 2006), his retained attorney, Mitchell Moran, told him that he "was taking care of the following proceedings to Supreme Court." *See* Response [9] at 5. It was not until April 2008, after Mr. Moran passed away that Petitioner's father called the Mississippi Supreme Court and learned that his case was not before the supreme court. *Id.* Prior to this, Petitioner claims he was "under the impression that his paid attorney was filing everything that needed to be filed."[16] *Id.*

Petitioner's claim that he was under the impression that his trial counsel was "handling the situation" because he paid him to do so does not justify equitable tolling. *See Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) (holding that "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified"); *Martin v. Quarterman*, No. 3:08-CV-2059-M, 2009 WL 562218, at *4 (N.D. Tex. Mar. 4, 2009); *Burgess v. Mississippi*, No. 1:07CV204-MPM-JAD, 2008 WL 1820946, at *2 (N.D. Miss. Mar. 27, 2008) (rejecting petitioner's claims that she was entitled to equitable tolling based upon the purported failure of a retained attorney to pursue post-conviction relief and based upon her own ignorance of the law). Petitioner does not claim that Mr. Moran deceived him any way.[17] *See United States v. Wynn*,

---

[16]Petitioner attached a receipt showing that his father paid Mr. Moran $5,000 on June 2, 2006. *See* Ex. H1 [12-1]. However, the receipt does not specify whether the payment was for past services or future services.

[17]While Petitioner claims that he was "actively misled" by his counsel, by his very admission he was misled by his counsel's alleged "negligence;" there is no evidence of intentional deceit. *See* Response [9] at 8.

8

292 F.3d 226, 230 (5th Cir. 2002) (finding that petitioner's "allegation that he was deceived by his attorney into believing that a timely § 2255 motion had been filed on his behalf presents a 'rare and extraordinary circumstance' beyond petitioner's control that could warrant equitable tolling of the statute of limitations"). Neither ignorance of the law nor being *pro se* constitute rare and exceptional circumstances. *See Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir. 1999).[18]

      Moreover, the court notes that even after Petitioner learned that no pleadings were ever filed on his behalf in the Mississippi Supreme Court, he waited a year and a half later (until October 14, 2009), to file his motion for post-conviction relief in state court. Thus, Petitioner did not diligently pursue habeas relief and is not entitled to equitable tolling. *See Lawrence*, 549 U.S. at 336; *see also Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (holding that because petitioner waited more than four months after the Louisiana Supreme Court's denial of his application for a supervisory writ to file his federal habeas petition, he did not "expediently" file his federal habeas petition and, thus, equitable tolling was not warranted); *Wickware v. Thaler*, 404 F. App'x 856, 861 (5th Cir. 2010) (internal citations and quotations omitted) (stating "we have repeatedly emphasized that equitable tolling is not available to those who sleep on their rights").

      The court further finds that Petitioner's claim that he was housed in isolation from September 2008 - May 2009, and could not gather information pertaining to the "newly discovered evidence" does not constitute a rare and exceptional circumstance. Petitioner failed

---

[18]Further, there is no constitutional right to counsel on collateral review or for discretionary appeals. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

to put forth any evidence that he had no access to a law library or inmate legal assistance program while housed in isolation. *See Burgett v. Dretke*, No. 4:05-CV-0775-Y, 2006 WL 995206, at *2 (N.D. Tex. Apr. 17, 2006) (rejecting petitioner's claims that he was entitled to equitable tolling because he was placed in administrative segregation depriving him of regular visits to the law library and access to legal materials, since he provided no proof for the allegations; "difficulty obtaining records, lack of money to pay for copies, transfers between prison units, and administrative segregation are common problems among inmates who are trying to pursue postconviction habeas relief"). Regardless, the court notes that Petitioner waited four months after being transferred out of isolation (in June 2009) to file his first state habeas petition. Thus, Petitioner did not diligently pursue habeas relief and is not entitled to equitable tolling. *See Lawrence*, 549 U.S. at 336; *Melancon*, 259 F.3d at 408; *Wickware*, 404 F. App'x at 861; *see also Richardson v. Johnson*, No. 3:00–CV–2695–D, 2001 WL 869644, at *3 (N.D. Tex. July 25, 2001) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)) ("A petitioner is not entitled to an extended delay while he gathers every scrap of evidence that might support his claim.").

Finally, the court finds that Petitioner's claim that he was too exhausted and/or too busy to "study[] law or any thing purtaining (sic) to that matter" due to his participation in the "field operation" program while housed in isolation does not constitute rare and exceptional circumstances.[19]

Petitioner has failed to show he was actively misled or was prevented in some

---

[19] Petitioner claims he was forced to work in the fields from 6:00 a.m. to 4:00 p.m., five days a week while in segregation. *See* Response [9] at 8.

extraordinary way from asserting his rights.  *See Ott,* 192 F.3d at 513.  Accordingly, he is not entitled to equitable tolling.

## CONCLUSION

Based upon the one-year limitation period found in 28 U.S.C. § 2244(d)(1), and this court's conclusion that Petitioner has failed to meet his burden of proving that statutory or equitable tolling is appropriate, he cannot avoid the statutory bar of Section 2244(d).

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that the Respondent's Motion to Dismiss [8] be GRANTED and that Petitioner's Petition for Writ of Habeas Corpus be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules  and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 10th day of January, 2012.

                                               s/ Michael T. Parker
                                               United States Magistrate Judge